**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 1,159,834.52 MILLION USDT,<br><br>Defendant in rem,<br><br>HAN KIM and YONG SEOK KIM,<br><br>Claimants. | Case No. 25-CV-3771<br><br>JURY TRIAL DEMANDED |

**REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

This Court's scheduling order, issued in response to a joint proposal signed by the Government and Claimants Han Kim and Yong Seok Kim, reads: "Government shall file its opposition to the Claimants' 11 Motion for Judgment on the Pleadings by May 28, 2026. It is further ORDERED that the Claimants shall file their reply by June 5, 2026." The proposal signed by the Government further reads that after Claimants' June 5 reply "the matter will be ripe for the Court's resolution as a matter of law." ECF No. 12.

On May 28, the Government filed a motion to strike the Kims' claims, answer, and motion for judgment on the pleadings. ECF No. 13. The Government did not respond to the Kims' motion for judgment on the pleadings. Because the Government did not comply with this Court's scheduling order, the Kims' respectfully submit that if the Court denies the Government's motion to strike (which it should for the reasons stated in the Kims' contemporaneously filed response to that motion) it should grant the Kims' motion for judgment on the pleadings without opposition.

In a forfeiture action brought *in rem* pursuant to a federal statute, the United States "may move to strike a claim or answer" at "any time before trial." Supplemental Rule G(5)(c)(i). The filing of a motion to strike "must be decided before any motion by the claimant to dismiss the action." *Id.* (c)(ii). The Government's position, articulated in another case in which the Kims filed similar claims, is that "any papers or moving papers lodged by potential claimant/s must be held in abeyance until the potential claimant proves their standing . . . ." *United States v. 13.98 Million USDT*, No. 25-CV-3943, ECF No. 25-1 (D.D.C. March 13, 2026) (citing

*United States v. Ross*, 161 F.4th 100, 110 (2d Cir. 2025)). A motion to strike, therefore, is not a response to a motion for judgment on the pleadings but rather a device to ensure that any person filing such a motion has standing to do so. *See id.* And the Government itself told this Court that the case would be "ripe for the Court's resolution as a matter of law" by June 5. ECF No. 12.

The Government's May 28 motion to strike is, therefore, in violation of this Court's scheduling order, which requires a *response* to the Kims' motion for judgment on the pleadings, and which does not contemplate a filing after the Kims' June 5 reply. Although the Government has a right to file a motion to strike at any time before trial under Rule G(5)(c)(i), it is not excused from complying with scheduling orders, let alone scheduling orders to which it agreed, and it has conceded that the Kims' reply leaves this case "ripe for the Court's resolution as a matter of law." ECF No. 12. And so the Kims respectfully request that this Court treat this case as "ripe for the Court's resolution as a matter of law," as the Government agreed it would be, now that the Kims' have responded to the Government's motion to strike.

In an effort to resolve this procedural violation by agreement, the Kims emailed the Government on June 1. The Kims copied this Court's order then wrote that "[o]n May 28, [the Government] filed motions to strike our claims, answers, and verified claims in both cases. In neither case did [the Government] oppose our motion for judgment on the pleadings. Please immediately explain the government's position on why this does not violate the Court's order." In response, counsel for the government wrote only "Attached is our filed motion for your convenience," and

attached the Government's filed motion. The Kims, despite requesting to confer, do not know the Government's position on the Kims' motion for judgment on the pleadings.

Respectfully submitted,

*/s/ Charles Gerstein*
Charles Gerstein
GERSTEIN HARROW LLP
1319 F Street NW, Suite 301
Washington, DC 20004
charlie@gerstein-harrow.com
(202) 670-4809

*/s/ Jason Harrow*
Jason Harrow
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Ste. 800
Los Angeles, CA 90025
jason@gerstein-harrow.com
(323) 744-5293

*/s/ Robert Tolchin*
Robert Tolchin
THE BERKMAN LAW OFFICE LLC
829 E. 15th Street, Suite Seven
Brooklyn, New York 11230
rtolchin@berkmanlaw.com
(718) 855-3627

*Attorneys for Claimants Han Kim and Yong Seok Kim*